

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00128-CR

**THOMAS NAVARRO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 10-00452-CRF-272

## DISSENTING OPINION

This is an appeal of a judgment that was modified on the State's motion for judgment nunc pro tunc 10 years after the judgment was pronounced, signed, and entered of record. As to each change in the judgment, the same test applies: was there a difference between what the trial court pronounced and the judgment that was subsequently entered? As to issues 1 and 3, the answer is no. As to issue 2 the answer is yes.

Issue one asks whether the trial court erred in adding a better, or more complete, description in the judgment to describe the offense for which Navarro was convicted.

Normally, I would not worry about what, in this context, appears to be insignificant. This is a gnat. What difference does it make? I get it. But the State wants it changed 10 years after the fact. For someone, it is obviously more of a hornet than a gnat. But how much of an irritant the original poor description of the offense is, is not the issue. It could be a pterodactyl and it would not change the analysis. If the trial court does not have jurisdiction to modify the judgment, which it clearly does not, any change is void. A void change is fundamentally different than a harmless one. Because I find nothing in the record which supports a determination that, at the time of the original judgment, the trial court intended the more expansive description of the offense as included in the nunc pro tunc judgment, I would hold that the trial court erred in making a change to a decade old judgment and sustain issue one.[1]

Issue two asks whether the trial court erred in recording a finding of true to a felony enhancement allegation. In the nunc pro tunc hearing, the State, for the first time, raised the issue that the judgment did not reflect that the trial court had found the enhancement allegation to be true. In the nunc pro tunc hearing, the page from the reporter's record from the sentencing hearing at which the trial court found the allegation regarding an enhancement to be "true" was introduced. Thus, there is no question that there was a clerical error between the pronouncement in the trial court and what was ultimately included as the finding in the original judgment signed by the trial court and entered in the proceeding. Thus, a modification of the judgment to correct that clerical

---

[1] I do not find that there is even an error in the original judgment, of any type, to correct by a nunc pro tunc proceeding. This is nothing more than a description or label of the offense of which Navarro was charged/convicted.

error is absolutely correct, and I concur in overruling issue two.[2]

Issue three asks whether the trial court erred in adding a finding of family violence. There was no finding made in the original judgment. I have searched the record for some indication that the trial court made such a finding in the original proceeding. I have found none. The State has directed us to none. Rather, the State argues that the trial court was "required" to make such a finding and did not. The State then argues that the record is clear, crystal clear, that the offense for which Navarro was convicted involved family violence, and therefore, the trial court was required to make the finding. Yes, yes, and yes, but NO: that is what we call error, not clerical error. When there is nothing in the record to support that the trial court had made the finding but, due to a clerical error, it was not recorded in the judgment, then there is nothing to support that it was merely a clerical error that can be corrected by nunc pro tunc. *But see Weatherly v. State*, No. 02-19-00394-CR, 2021 Tex. App. LEXIS 116 (Tex. App.—Fort Worth Jan. 7, 2021, no pet. h.) (not designated for publication). I would hold that the trial court erred and sustain issue three.

In summary, I dissent from the Court's judgment to the extent that it affirms the changes made via a nunc pro tunc judgment as to the description of the offense and the

---

[2] I note that but for the excerpt from the record, the issue would have to be sustained; the State's other evidence at the nunc pro tunc hearing not only does not support a nunc pro tunc correction, but is contrary to it. The indictment alleged a conviction for burglary of a habitation as the basis for the enhancement of the offense to a second-degree felony. At the nunc pro tunc hearing, the State introduced other evidence that the prior felony used for enhancement was for arson and introduced the arson judgment. That misstep does not impact the analysis here because of the actual finding in the reporter's record in the sentencing hearing. Moreover, I note that the Court's opinion from the direct appeal was also introduced at the nunc pro tunc hearing and it explains the stipulations made regarding the prior convictions, including that the prior conviction was for burglary.

finding of family violence (issues one and three), I join the Court's opinion on the second issue and the judgment to the extent that it affirms the change made via the nunc pro tunc judgment as to the finding of "True" on the enhancement allegation, and to the extent that it overrules Navarro's fourth issue. Because the Court's judgment affirms the judgment nunc pro tunc, I respectfully note my dissent to the Court's judgment which affirms the nunc pro tunc judgment in its entirety.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 31, 2021

